UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREAT LAKES INSURANCE SE, *in its own right and/or as Subrogee of Pacific Gulf Shipping Co.*,

Plaintiffs,

v.

AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., *also knowN as* THE AMERICAN CLUB, SHIPOWNERS CLAIMS BUREAU INC., GEORGE GOURDOMICHALIS, and EFSTATHIOS GOURDOMICHALIS,

Defendant.

No. 19-CV-10656 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

The Court is in receipt of the attached letter, received via email, from Defendants American Steamship Owners Mutual Protection & Indemnity Association, Inc. and Shipowners Claims Bureau, Inc., seeking to file under seal certain exhibits to Defendants' forthcoming motion to dismiss. Defendants' justification for sealing is that these exhibits consist of confidential documents subject to a Stipulated Protective Order, which was filed in an action currently pending in the U.S. District Court for the District of Oregon. Defendants, however, have not identified the reasons why sealing is justified under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Although sealing may be appropriate with respect to certain confidential information, Defendants must nonetheless show why sealing here overcomes the "strong presumption of public access" that exists in federal courts. *See NRW, Inc. v. Bindra*, No. 12 Civ. 8555, 2013 WL 12353961, at *1 (S.D.N.Y. Oct. 24, 2013); *see*

*also City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-5345 (AJN), 2019 WL 4747654, at *5 (S.D.N.Y. Sept. 30, 2019) ("[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document.") (citation omitted); *American Broadcasting Cos., Inc. v. Aereo, Inc.*, No. 12 Civ. 1540 (AJN), 2013 WL 12338472, at *2 (S.D.N.Y. June 24, 2013) ("Nor can the parties rely on their protective order as providing a justification for their requests for documents to be filed under seal.") (citing *Lugosch*, 435 F.3d at 126). Accordingly, no later than December 17, 2019, Defendants shall provide the Court with the reasoning for why, under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), sealing these exhibits is justified. Should Defendants wish to instead submit proposed redactions more narrowly tailored to the interests they seek to protect, they shall do so no later than December 17, 2019, but they must also provide the Court with the reasoning for why such redactions are appropriate under the *Lugosch* standard.

SO ORDERED.

Dated: December 10, 2019
New York, New York

Ronnie Abrams
United States District Judge