# EXHIBIT I

BROWN GAVALAS & FROMM LLP
Attorneys for Non-Party AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC.
555 Fifth Avenue
New York, New York 10017
Tel: (212) 983-8500

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
--------------------------------------------------------X
PACIFIC GULF SHIPPING CO.,

                                 3:18-cv-02076-MO

         Plaintiff,

v.

ADAMASTOS SHIPPING &
TRADING S.A., et al.

         Defendants.
--------------------------------------------------------X

**RESPONSE TO THE SUBPOENA DATED DECEMBER 17, 2018
TO PRODUCE DOCUMENTS, INFORMATION,
OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES
IN A CIVIL ACTION**

Non-Party, AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND

INDEMNITY ASSOCIATION, INC. (the "American Club"), pursuant to Rule 45 of the Federal

Rules of Civil Procedure, hereby responds to the Subpoena To Produce Documents, Information,

Or Objects Or To Permit Inspection Of Premises In A Civil Action dated December 17, 2018

("Subpoena"), and directed to the American Club in the above-referenced action, as follows:

**GENERAL OBJECTIONS**

1.      The American Club objects to the Subpoena and the document requests contained

therein to the extent that they purport to impose requirements beyond those set forth in the

Federal Rules of Civil Procedure ("FRCP") and any other applicable rule, statute or order.

2.	The American Club objects to the Subpoena and the document requests contained therein to the extent that they seek documents that are unduly burdensome to obtain, including requests for identification of "all" documents when all relevant facts can be obtained from fewer than "all" documents.

3.	The American Club objects to the requests to the Subpoena and the document requests contained therein to the extent that they are overly broad, impose extreme hardship, or would result in the expenditure of unnecessary time and resources.

4.	The American Club objects to the Subpoena and the document requests contained therein to the extent that they are vague and/or ambiguous, seek information for an improper purpose and to the extent they seek information that is duplicative.

5.	The American Club objects to the Subpoena and the document requests contained therein to the extent that they seek documents and information that is not relevant to the issues in the underlying litigation.

6.	The American Club objects to the Subpoena and the document requests contained therein to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable rule, doctrine, privilege, or immunity or protection from discovery, whether based upon statute or common law.  The American Club will not disclose such information or produce such documents, and any production of any documents or information protected by any privilege, rule, doctrine, or immunity (whether based upon statute or common law) is inadvertent and shall not be deemed a waiver of any such privilege, rule, doctrine, or immunity.  The American Club reserves all rights to demand the return of any document and all copies thereof that are protected by a privilege, rule, doctrine, or immunity.

7. The American Club objects to the Subpoena and the document requests contained therein to the extent that they seek documents that contain private, confidential, proprietary, financial, and/or commercial information relating to the American Club and its members.

8. The American Club objects to the Subpoena and the document requests contained therein to the extent they are not reasonably limited in scope or time frame.

9. The American Club objects to the Subpoena and the document requests contained therein to the extent that they purport to require the American Club to perform anything more than a reasonable and diligent search for documents where responsive documents reasonably would be expected to be found.

10. The American Club expressly reserves the right to revise, amend, supplement, or clarify any of the objections set forth herein.

11. Notwithstanding the objections set forth herein, the American Club will produce certain non-privileged documents in its possession in response to the Subpoena that have been located after diligent search and have been reviewed.

12. These general objections shall be deemed to be continuing throughout the responses to specific document requests and fully incorporated by reference, even when not referred to in the specific request.

13. Any and all documents produced by the American Club in response to the Subpoena is subject to the terms and conditions of the Stipulated Protective Order entered in this action [Dkt. 40] by Judge Michael W. Mosman on December 17, 2018, including, but not limited to, Paragraph 3 of the Stipulated Protective Order, which provides:

> The parties, <u>and third parties subpoenaed by one of the parties</u>, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the

applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.  (emphasis added)

14.     The American Club expressly reserves all rights to file a motion to quash the Subpoena and/or a motion for a protective order based upon any of the foregoing grounds or otherwise and any and all documents produced by the American Club in response to the Subpoena is without prejudice thereto and to the Motion to Modify the Subpoena and for a Protective Order filed by the American Club in the United States District Court for the Eastern District of New York, Case No. 1:18-mc-03457-KAM-SJB [Dkt. 17] on February 8, 2019.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1:**

*Any and all documents, materials, and items maintained in your file and records for the vessel the M/V ADAMASTOS.*

**Response No. 1:**

The American Club objects to Request No. 1 on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not limited to a reasonable period of time and the term "your file" is not defined by the Subpoena.  The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information.  Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000001 – AC000136 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 2:**

All billing records You issued with respect the Certificates of Entry for the M/VADAMASTOS, including but not limited to invoices for Protection & Indemnity Insurance; Freight, Demurrage & Defense Insurance; and any other policies and/or applicable riders.

**Response No. 2:**

The American Club objects to Request No. 2 on the grounds that it is overly broad, unduly burdensome, vague, not limited to a reasonable period of time and ambiguous. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents, if any, will be produced.

**Request No. 3:**

All documents, materials, and/or records evincing payment of the annual premiums for the M/V ADAMASTOS including but not limited to documents demonstrating the originating bank account information, copies of cancelled checks, wire fund transfer details, and/or any other payment records.

**Response No. 3:**

The American Club objects to Request No. 3 on the grounds that it is overly broad, unduly burdensome, vague, not limited to a reasonable period of time and ambiguous. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents, if any, will be produced.

**Request No. 4:**

Any and all correspondence and/or communications to, from, by and/or among The American Club, Blue Wall, Phoenix, Adamastos Shipping, and/or any other person or organization concerning and/or related to:

A)      The entry of the M/V ADAMASTOS;

B) Payments of the annual premiums for the M/V ADAMASTOS;

C) Claims submitted on behalf of the M/V ADAMASTOS;

D) Denial of any claims submitted on behalf of the M/V ADAMASTOS by The American Club;

E) The detention and ultimate abandonment of the M/V ADAMASTOS in Brazil during the period of July 31, 2014 to June 30, 2015.

**Response No. 4:**

The American Club objects to Request No. 4 on the grounds that it is overly broad, unduly burdensome and not limited to a reasonable period of time. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000001 − AC000136 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 5:**

The Claim File for any claim(s) submitted by Adamastos Shipping, Phoenix, Blue Wall, and/or any other person or organization for and on behalf of the M/V ADAMASTOS during the period of January l, 2013 to present.

**Response No. 5:**

The American Club objects to Request No. 5 on the grounds that it is overly broad, unduly burdensome, not limited to a reasonable period of time and the term "Claim File" is not defined by the Subpoena. The American Club also objects to this request as it seeks

communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000001 – AC000136 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 6:**

*Any and all documents, materials, and items maintained in your file and records for the vessel the M/V VIGOROUS.*

**Response No. 6:**

The American Club objects to Request No. 6 on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not limited to a reasonable period of time and the term "your file" is not defined by the Subpoena. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000137 – AC003194 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 7:**

*All billing records You issued with respect the Certificates of Entry for the M/V VIGOROUS, including but not limited to invoices for Protection & Indemnity Insurance; Freight, Demurrage & Defense Insurance; and any other policies and/or applicable riders.*

**Response No. 7:**

The American Club objects to Request No. 7 on the grounds that it is overly broad, unduly burdensome, vague, not limited to a reasonable period of time and ambiguous. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents, if any, will be produced.

**Request No. 8:**

*All documents, materials, and/or records evincing payment of the annual premiums for the M/V VIGOROUS including but not limited to documents demonstrating the originating bank account information, copies of cancelled checks, wire fund transfer details, and/or any other payment records.*

**Response No. 8:**

The American Club objects to Request No. 8 on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents that are not in the possession, custody, or control of the American Club and seeks to impose an obligation on the American Club to provide documents on behalf of an entity other than the American Club. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents, if any, will be produced.

**Request No. 9:**

*Any and all correspondence and/or communications to, from, by and/or among The American Club, Blue Wall, Phoenix, Vigorous Shipping, and/or any other person or organization concerning and/or related to:*

A) *The entry of the M/V VIGOROUS;*

B) *Payments of the annual premiums for the M/V VIGOROUS;*

C) *Claims submitted on behalf of the M/V VIGOROUS;*

D) *Denial of any claims submitted on behalf of the M/V VIGOROUS by The American Club;*

**Response No. 9:**

The American Club objects to Request No. on the grounds that it is overly broad, unduly burdensome, not limited to a reasonable period of time and the term "Claim File" is not defined by the Subpoena. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000137 – AC003194 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 10:**

*The Claim File for any claim(s) submitted by Vigorous Shipping, Phoenix, Blue Wall, and/or any other person or organization for and on behalf of the M/V VIGOROUS during the period of January 1, 2014 to present.*

**Response No. 10:**

The American Club objects to Request No. 10 on the grounds that it is overly broad, unduly burdensome, not limited to a reasonable period of time and the term "Claim File" is not

defined by the Subpoena. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information.  . Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000137 – AC003194 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 11:**

*Any and all documents, materials, and items which shows the board members for The American Club for the years 2014, 2015, 2016, 2017, and 2018.*

**Response No. 11:**

The American Club objects to Request No. 11 on the grounds that it is overly broad, unduly burdensome, not limited to a reasonable period of time. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents, the board members of the American Club are set forth on the American Club's website at the following website addresses:

https://www.american-club.com/page/board-of-directors

https://www.american-club.com/files/files/1819.pdf

https://www.american-club.com/files/files/1718.pdf

https://www.american-club.com/files/files/1617.pdf

https://www.american-club.com/files/files/1516.pdf

https://www.american-club.com/files/files/1415.pdf

**PLEASE TAKE NOTICE** that the American Club hereby reserves the right to amend and/or supplement this Response to the Subpoena at any time.

Dated: New York, New York
February 15, 2019

BROWN GAVALAS & FROMM LLP
Attorneys for Non-Party
AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND
INDEMNITY ASSOCIATION, INC.

s/ David H. Fromm
David H. Fromm (DF-9334)
dfromm@browngavalas.com
Peter Skoufalos (PS-0105)
pskoufalos@browngavalas.com
Michael P. Naughton (MN-6870)
mpn@browngavalas.com
555 Fifth Avenue
New York, New York 10017
Tel: (212) 983-8500
Fax: (212) 983-5946

TO:     Chalos & Co., P.C.
        55 Hamilton Avenue
        Oyster Bay, NY 11771
        Attn:   Briton P. Sparkman, Esq
                George M. Chalos, Esq.

        Blank Rome LLP
        717 Texas Avenue,| Suite 1400
        Houston, TX 77002
        Attn:   Keith B. Letourneau, Esq

BROWN GAVALAS & FROMM LLP
Attorneys for Non-Party AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC.
555 Fifth Avenue
New York, New York 10017
Tel: (212) 983-8500

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
-------------------------------------------------------X
PACIFIC GULF SHIPPING CO.,

                                            3:18-cv-02076-MO

                Plaintiff,

v.

ADAMASTOS SHIPPING &
TRADING S.A., et al.

                Defendants.
-------------------------------------------------------X

**FIRST AMENDED RESPONSE TO THE SUBPOENA DATED DECEMBER 17, 2018
TO PRODUCE DOCUMENTS, INFORMATION,
OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES
IN A CIVIL ACTION**

       Non-Party, AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND

INDEMNITY ASSOCIATION, INC. (the "American Club"), pursuant to Rule 45 of the Federal

Rules of Civil Procedure, hereby responds to the Subpoena To Produce Documents, Information,

Or Objects Or To Permit Inspection Of Premises In A Civil Action dated December 17, 2018

("Subpoena"), and directed to the American Club in the above-referenced action, as follows:

**GENERAL OBJECTIONS**

       1.      The American Club objects to the Subpoena and the document requests contained

therein to the extent that they purport to impose requirements beyond those set forth in the

Federal Rules of Civil Procedure ("FRCP") and any other applicable rule, statute or order.

2.      The American Club objects to the Subpoena and the document requests contained therein to the extent that they seek documents that are unduly burdensome to obtain, including requests for identification of "all" documents when all relevant facts can be obtained from fewer than "all" documents.

3.      The American Club objects to the requests to the Subpoena and the document requests contained therein to the extent that they are overly broad, impose extreme hardship, or would result in the expenditure of unnecessary time and resources.

4.      The American Club objects to the Subpoena and the document requests contained therein to the extent that they are vague and/or ambiguous, seek information for an improper purpose and to the extent they seek information that is duplicative.

5.      The American Club objects to the Subpoena and the document requests contained therein to the extent that they seek documents and information that is not relevant to the issues in the underlying litigation.

6.      The American Club objects to the Subpoena and the document requests contained therein to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable rule, doctrine, privilege, or immunity or protection from discovery, whether based upon statute or common law.  The American Club will not disclose such information or produce such documents, and any production of any documents or information protected by any privilege, rule, doctrine, or immunity (whether based upon statute or common law) is inadvertent and shall not be deemed a waiver of any such privilege, rule, doctrine, or immunity.  The American Club reserves all rights to demand the return of any document and all copies thereof that are protected by a privilege, rule, doctrine, or immunity.

7.    The American Club objects to the Subpoena and the document requests contained therein to the extent that they seek documents that contain private, confidential, proprietary, financial, and/or commercial information relating to the American Club and its members.

8.    The American Club objects to the Subpoena and the document requests contained therein to the extent they are not reasonably limited in scope or time frame.

9.    The American Club objects to the Subpoena and the document requests contained therein to the extent that they purport to require the American Club to perform anything more than a reasonable and diligent search for documents where responsive documents reasonably would be expected to be found.

10.    The American Club expressly reserves the right to revise, amend, supplement, or clarify any of the objections set forth herein.

11.    Notwithstanding the objections set forth herein, the American Club will produce certain non-privileged documents in its possession in response to the Subpoena that have been located after diligent search and have been reviewed.

12.    These general objections shall be deemed to be continuing throughout the responses to specific document requests and fully incorporated by reference, even when not referred to in the specific request.

13.    Any and all documents produced by the American Club in response to the Subpoena is subject to the terms and conditions of the Stipulated Protective Order entered in this action [Dkt. 40] by Judge Michael W. Mosman on December 17, 2018, including, but not limited to, Paragraph 3 of the Stipulated Protective Order, which provides:

> The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the

applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.   (emphasis added)

14.     The American Club expressly reserves all rights to file a motion to quash the Subpoena and/or a motion for a protective order based upon any of the foregoing grounds or otherwise and any and all documents produced by the American Club in response to the Subpoena is without prejudice thereto.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1:**

*Any and all documents, materials, and items maintained in your file and records for the vessel the M/V ADAMASTOS.*

**Response No. 1:**

The American Club objects to Request No. 1 on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not limited to a reasonable period of time and the term "your file" is not defined by the Subpoena.  The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information.  Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000001 – AC000136 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 2:**

*All billing records You issued with respect the Certificates of Entry for the M/VADAMASTOS, including but not limited to invoices for Protection & Indemnity Insurance; Freight, Demurrage & Defense Insurance; and any other policies and/or applicable riders.*

**Response No. 2:**

The American Club objects to Request No. 2 on the grounds that it is overly broad, unduly burdensome, vague, not limited to a reasonable period of time and ambiguous. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents, if any, will be produced.

**Request No. 3:**

*All documents, materials, and/or records evincing payment of the annual premiums for the M/V ADAMASTOS including but not limited to documents demonstrating the originating bank account information, copies of cancelled checks, wire fund transfer details, and/or any other payment records.*

**Response No. 3:**

The American Club objects to Request No. 3 on the grounds that it is overly broad, unduly burdensome, vague, not limited to a reasonable period of time and ambiguous. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents, if any, will be produced.

**Request No. 4:**

*Any and all correspondence and/or communications to, from, by and/or among The American Club, Blue Wall, Phoenix, Adamastos Shipping, and/or any other person or organization concerning and/or related to:*

     *A)    The entry of the M/V ADAMASTOS;*

     *B)    Payments of the annual premiums for the M/V ADAMASTOS;*

     *C)    Claims submitted on behalf of the M/V ADAMASTOS;*

     *D)    Denial of any claims submitted on behalf of the M/V ADAMASTOS by The American Club;*

*E) The detention and ultimate abandonment of the M/V ADAMASTOS in Brazil during the period of July 31, 2014 to June 30, 2015.*

**Response No. 4:**

The American Club objects to Request No. 4 on the grounds that it is overly broad, unduly burdensome and not limited to a reasonable period of time. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000001 – AC000136 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 5:**

*The Claim File for any claim(s) submitted by Adamastos Shipping, Phoenix, Blue Wall, and/or any other person or organization for and on behalf of the M/V ADAMASTOS during the period of January l, 2013 to present.*

**Response No. 5:**

The American Club objects to Request No. 5 on the grounds that it is overly broad, unduly burdensome, not limited to a reasonable period of time and the term "Claim File" is not defined by the Subpoena. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. Subject to and without waiving

the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000001 – AC000136 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 6:**

*Any and all documents, materials, and items maintained in your file and records for the vessel the M/V VIGOROUS.*

**Response No. 6:**

The American Club objects to Request No. 6 on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not limited to a reasonable period of time and the term "your file" is not defined by the Subpoena. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000137 – AC007135 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 7:**

*All billing records You issued with respect the Certificates of Entry for the M/V VIGOROUS, including but not limited to invoices for Protection & Indemnity Insurance; Freight, Demurrage & Defense Insurance; and any other policies and/or applicable riders.*

**Response No. 7:**

The American Club objects to Request No. 7 on the grounds that it is overly broad, unduly burdensome, vague, not limited to a reasonable period of time and ambiguous. The

American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents, if any, will be produced.

**Request No. 8:**

*All documents, materials, and/or records evincing payment of the annual premiums for the M/V VIGOROUS including but not limited to documents demonstrating the originating bank account information, copies of cancelled checks, wire fund transfer details, and/or any other payment records.*

**Response No. 8:**

The American Club objects to Request No. 8 on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents that are not in the possession, custody, or control of the American Club and seeks to impose an obligation on the American Club to provide documents on behalf of an entity other than the American Club. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents, if any, will be produced.

**Request No. 9:**

*Any and all correspondence and/or communications to, from, by and/or among The American Club, Blue Wall, Phoenix, Vigorous Shipping, and/or any other person or organization concerning and/or related to:*

A)    *The entry of the M/V VIGOROUS;*

B)    *Payments of the annual premiums for the M/V VIGOROUS;*

C)    *Claims submitted on behalf of the M/V VIGOROUS;*

*D)    Denial of any claims submitted on behalf of the M/V VIGOROUS by The American Club;*

**Response No. 9:**

The American Club objects to Request No. on the grounds that it is overly broad, unduly burdensome, not limited to a reasonable period of time and the term "Claim File" is not defined by the Subpoena. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information.  The American Club also objects to this request to the extent it seeks proprietary and confidential business information.  Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000137 – AC007135 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 10:**

*The Claim File for any claim(s) submitted by Vigorous Shipping, Phoenix, Blue Wall, and/or any other person or organization for and on behalf of the M/V VIGOROUS during the period of January 1, 2014 to present.*

**Response No. 10:**

The American Club objects to Request No. 10 on the grounds that it is overly broad, unduly burdensome, not limited to a reasonable period of time and the term "Claim File" is not defined by the Subpoena. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and

are otherwise privileged or are proprietary business information.  Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000137 – AC007135 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 11:**

*Any and all documents, materials, and items which shows the board members for The American Club for the years 2014, 2015, 2016, 2017, and 2018.*

**Response No. 11:**

The American Club objects to Request No. 11 on the grounds that it is overly broad, unduly burdensome, not limited to a reasonable period of time. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents, the board members of the American Club are set forth on the American Club's website at the following website addresses:

https://www.american-club.com/page/board-of-directors

https://www.american-club.com/files/files/1819.pdf

https://www.american-club.com/files/files/1718.pdf

https://www.american-club.com/files/files/1617.pdf

https://www.american-club.com/files/files/1516.pdf

https://www.american-club.com/files/files/1415.pdf

**PLEASE TAKE NOTICE** that the American Club hereby reserves the right to amend and/or supplement this Response to the Subpoena at any time.

Dated: New York, New York
February 19, 2019

BROWN GAVALAS & FROMM LLP
Attorneys for Non-Party
AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND
INDEMNITY ASSOCIATION, INC.


s/ David H. Fromm
David H. Fromm (DF-9334)
dfromm@browngavalas.com
Peter Skoufalos (PS-0105)
pskoufalos@browngavalas.com
Michael P. Naughton (MN-6870)
mpn@browngavalas.com
555 Fifth Avenue
New York, New York 10017
Tel: (212) 983-8500
Fax: (212) 983-5946

TO:    Chalos & Co., P.C.
       55 Hamilton Avenue
       Oyster Bay, NY 11771
       Attn:    Briton P. Sparkman, Esq
              George M. Chalos, Esq.

       Blank Rome LLP
       717 Texas Avenue,| Suite 1400
       Houston, TX 77002
       Attn:    Keith B. Letourneau, Esq

BROWN GAVALAS & FROMM LLP
Attorneys for Non-Party AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC.
555 Fifth Avenue
New York, New York 10017
Tel: (212) 983-8500

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
--------------------------------------------------------X
PACIFIC GULF SHIPPING CO.,

                                    3:18-cv-02076-MO

          Plaintiff,

v.

ADAMASTOS SHIPPING &
TRADING S.A., et al.

          Defendants.
--------------------------------------------------------X

**SECOND AMENDED RESPONSE TO THE SUBPOENA DATED DECEMBER 17, 2018
TO PRODUCE DOCUMENTS, INFORMATION,
OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES
IN A CIVIL ACTION**

Non-Party, AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND

INDEMNITY ASSOCIATION, INC. (the "American Club"), pursuant to Rule 45 of the Federal

Rules of Civil Procedure, hereby responds to the Subpoena To Produce Documents, Information,

Or Objects Or To Permit Inspection Of Premises In A Civil Action dated December 17, 2018

("Subpoena"), and directed to the American Club in the above-referenced action, as follows:

**GENERAL OBJECTIONS**

1.      The American Club objects to the Subpoena and the document requests contained

therein to the extent that they purport to impose requirements beyond those set forth in the

Federal Rules of Civil Procedure ("FRCP") and any other applicable rule, statute or order.

2. The American Club objects to the Subpoena and the document requests contained therein to the extent that they seek documents that are unduly burdensome to obtain, including requests for identification of "all" documents when all relevant facts can be obtained from fewer than "all" documents.

3. The American Club objects to the requests to the Subpoena and the document requests contained therein to the extent that they are overly broad, impose extreme hardship, or would result in the expenditure of unnecessary time and resources.

4. The American Club objects to the Subpoena and the document requests contained therein to the extent that they are vague and/or ambiguous, seek information for an improper purpose and to the extent they seek information that is duplicative.

5. The American Club objects to the Subpoena and the document requests contained therein to the extent that they seek documents and information that is not relevant to the issues in the underlying litigation.

6. The American Club objects to the Subpoena and the document requests contained therein to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable rule, doctrine, privilege, or immunity or protection from discovery, whether based upon statute or common law. The American Club will not disclose such information or produce such documents, and any production of any documents or information protected by any privilege, rule, doctrine, or immunity (whether based upon statute or common law) is inadvertent and shall not be deemed a waiver of any such privilege, rule, doctrine, or immunity. The American Club reserves all rights to demand the return of any document and all copies thereof that are protected by a privilege, rule, doctrine, or immunity.

7.     The American Club objects to the Subpoena and the document requests contained therein to the extent that they seek documents that contain private, confidential, proprietary, financial, and/or commercial information relating to the American Club and its members.

8.     The American Club objects to the Subpoena and the document requests contained therein to the extent they are not reasonably limited in scope or time frame.

9.     The American Club objects to the Subpoena and the document requests contained therein to the extent that they purport to require the American Club to perform anything more than a reasonable and diligent search for documents where responsive documents reasonably would be expected to be found.

10.     The American Club expressly reserves the right to revise, amend, supplement, or clarify any of the objections set forth herein.

11.     Notwithstanding the objections set forth herein, the American Club will produce certain non-privileged documents in its possession in response to the Subpoena that have been located after diligent search and have been reviewed.

12.     These general objections shall be deemed to be continuing throughout the responses to specific document requests and fully incorporated by reference, even when not referred to in the specific request.

13.     Any and all documents produced by the American Club in response to the Subpoena is subject to the terms and conditions of the Stipulated Protective Order entered in this action [Dkt. 40] by Judge Michael W. Mosman on December 17, 2018, including, but not limited to, Paragraph 3 of the Stipulated Protective Order, which provides:

> The parties, <u>and third parties subpoenaed by one of the parties</u>, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the

applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.   (emphasis added)

14.     The American Club expressly reserves all rights to file a motion to quash the Subpoena and/or a motion for a protective order based upon any of the foregoing grounds or otherwise and any and all documents produced by the American Club in response to the Subpoena is without prejudice thereto.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1:**

*Any and all documents, materials, and items maintained in your file and records for the vessel the M/V ADAMASTOS.*

**Response No. 1:**

The American Club objects to Request No. 1 on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not limited to a reasonable period of time and the term "your file" is not defined by the Subpoena.  The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information.  Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000001 – AC000136 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 2:**

*All billing records You issued with respect the Certificates of Entry for the M/VADAMASTOS, including but not limited to invoices for Protection & Indemnity Insurance; Freight, Demurrage & Defense Insurance; and any other policies and/or applicable riders.*

**Response No. 2:**

The American Club objects to Request No. 2 on the grounds that it is overly broad, unduly burdensome, vague, not limited to a reasonable period of time and ambiguous. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents, if any, will be produced.

**Request No. 3:**

*All documents, materials, and/or records evincing payment of the annual premiums for the M/V ADAMASTOS including but not limited to documents demonstrating the originating bank account information, copies of cancelled checks, wire fund transfer details, and/or any other payment records.*

**Response No. 3:**

The American Club objects to Request No. 3 on the grounds that it is overly broad, unduly burdensome, vague, not limited to a reasonable period of time and ambiguous. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents, if any, will be produced.

**Request No. 4:**

*Any and all correspondence and/or communications to, from, by and/or among The American Club, Blue Wall, Phoenix, Adamastos Shipping, and/or any other person or organization concerning and/or related to:*

A)      *The entry of the M/V ADAMASTOS;*

B)      *Payments of the annual premiums for the M/V ADAMASTOS;*

C)      *Claims submitted on behalf of the M/V ADAMASTOS;*

D)      *Denial of any claims submitted on behalf of the M/V ADAMASTOS by The American Club;*

> *E)* *The detention and ultimate abandonment of the M/V ADAMASTOS in Brazil during the period of July 31, 2014 to June 30, 2015.*

**Response No. 4:**

The American Club objects to Request No. 4 on the grounds that it is overly broad, unduly burdensome and not limited to a reasonable period of time. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000001 – AC000136 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 5:**

> *The Claim File for any claim(s) submitted by Adamastos Shipping, Phoenix, Blue Wall, and/or any other person or organization for and on behalf of the M/V ADAMASTOS during the period of January l, 2013 to present.*

**Response No. 5:**

The American Club objects to Request No. 5 on the grounds that it is overly broad, unduly burdensome, not limited to a reasonable period of time and the term "Claim File" is not defined by the Subpoena. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. Subject to and without waiving

the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000001 – AC000136 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 6:**

*Any and all documents, materials, and items maintained in your file and records for the vessel the M/V VIGOROUS.*

**Response No. 6:**

The American Club objects to Request No. 6 on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not limited to a reasonable period of time and the term "your file" is not defined by the Subpoena. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000137 – AC008591 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 7:**

*All billing records You issued with respect the Certificates of Entry for the M/V VIGOROUS, including but not limited to invoices for Protection & Indemnity Insurance; Freight, Demurrage & Defense Insurance; and any other policies and/or applicable riders.*

**Response No. 7:**

The American Club objects to Request No. 7 on the grounds that it is overly broad, unduly burdensome, vague, not limited to a reasonable period of time and ambiguous. The

American Club also objects to this request to the extent it seeks proprietary and confidential business information.  Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents, if any, will be produced.

## Request No. 8:

*All documents, materials, and/or records evincing payment of the annual premiums for the M/V VIGOROUS including but not limited to documents demonstrating the originating bank account information, copies of cancelled checks, wire fund transfer details, and/or any other payment records.*

## Response No. 8:

The American Club objects to Request No. 8 on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents that are not in the possession, custody, or control of the American Club and seeks to impose an obligation on the American Club to provide documents on behalf of an entity other than the American Club.  The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. The American Club also objects to this request to the extent it seeks proprietary and confidential business information.  Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents, if any, will be produced.

## Request No. 9:

*Any and all correspondence and/or communications to, from, by and/or among The American Club, Blue Wall, Phoenix, Vigorous Shipping, and/or any other person or organization concerning and/or related to:*

A)      *The entry of the M/V VIGOROUS;*

B)      *Payments of the annual premiums for the M/V VIGOROUS;*

C)      *Claims submitted on behalf of the M/V VIGOROUS;*

>    D)    *Denial of any claims submitted on behalf of the M/V VIGOROUS by The American Club;*

**Response No. 9:**

The American Club objects to Request No. on the grounds that it is overly broad, unduly burdensome, not limited to a reasonable period of time and the term "Claim File" is not defined by the Subpoena. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000137 – AC007135, AC007241 – AC008591 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 10:**

>    *The Claim File for any claim(s) submitted by Vigorous Shipping, Phoenix, Blue Wall, and/or any other person or organization for and on behalf of the M/V VIGOROUS during the period of January 1, 2014 to present.*

**Response No. 10:**

The American Club objects to Request No. 10 on the grounds that it is overly broad, unduly burdensome, not limited to a reasonable period of time and the term "Claim File" is not defined by the Subpoena. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and

are otherwise privileged or are proprietary business information.  Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000137 – AC007135, AC007241 – AC008591 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 11:**

*Any and all documents, materials, and items which shows the board members for The American Club for the years 2014, 2015, 2016, 2017, and 2018.*

**Response No. 11:**

The American Club objects to Request No. 11 on the grounds that it is overly broad, unduly burdensome, not limited to a reasonable period of time. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents, the board members of the American Club are set forth on the American Club's website at the following website addresses:

https://www.american-club.com/page/board-of-directors

https://www.american-club.com/files/files/1819.pdf

https://www.american-club.com/files/files/1718.pdf

https://www.american-club.com/files/files/1617.pdf

https://www.american-club.com/files/files/1516.pdf

https://www.american-club.com/files/files/1415.pdf

**PLEASE TAKE NOTICE** that the American Club hereby reserves the right to amend

and/or supplement this Response to the Subpoena at any time.

Dated: New York, New York
February 22, 2019

BROWN GAVALAS & FROMM LLP
Attorneys for Non-Party
AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND
INDEMNITY ASSOCIATION, INC.


s/ David H. Fromm
David H. Fromm (DF-9334)
dfromm@browngavalas.com
Peter Skoufalos (PS-0105)
pskoufalos@browngavalas.com
Michael P. Naughton (MN-6870)
mpn@browngavalas.com
555 Fifth Avenue
New York, New York 10017
Tel: (212) 983-8500
Fax: (212) 983-5946


TO:  Chalos & Co., P.C.
55 Hamilton Avenue
Oyster Bay, NY 11771
Attn:  Briton P. Sparkman, Esq
George M. Chalos, Esq.

Blank Rome LLP
717 Texas Avenue,| Suite 1400
Houston, TX 77002
Attn:  Keith B. Letourneau, Esq

BROWN GAVALAS & FROMM LLP
Attorneys for Non-Party AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC.
555 Fifth Avenue
New York, New York 10017
Tel: (212) 983-8500

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
--------------------------------------------------------X
PACIFIC GULF SHIPPING CO.,

                                         3:18-cv-02076-MO

              Plaintiff,

v.

ADAMASTOS SHIPPING &
TRADING S.A., et al.

              Defendants.
--------------------------------------------------------X

## THIRD AMENDED RESPONSE TO THE SUBPOENA DATED DECEMBER 17, 2018 TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

      Non-Party, AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND

INDEMNITY ASSOCIATION, INC. (the "American Club"), pursuant to Rule 45 of the Federal

Rules of Civil Procedure, hereby responds to the Subpoena To Produce Documents, Information,

Or Objects Or To Permit Inspection Of Premises In A Civil Action dated December 17, 2018

("Subpoena"), and directed to the American Club in the above-referenced action, as follows:

## GENERAL OBJECTIONS

      1.     The American Club objects to the Subpoena and the document requests contained

therein to the extent that they purport to impose requirements beyond those set forth in the

Federal Rules of Civil Procedure ("FRCP") and any other applicable rule, statute or order.

2.     The American Club objects to the Subpoena and the document requests contained therein to the extent that they seek documents that are unduly burdensome to obtain, including requests for identification of "all" documents when all relevant facts can be obtained from fewer than "all" documents.

3.     The American Club objects to the requests to the Subpoena and the document requests contained therein to the extent that they are overly broad, impose extreme hardship, or would result in the expenditure of unnecessary time and resources.

4.     The American Club objects to the Subpoena and the document requests contained therein to the extent that they are vague and/or ambiguous, seek information for an improper purpose and to the extent they seek information that is duplicative.

5.     The American Club objects to the Subpoena and the document requests contained therein to the extent that they seek documents and information that is not relevant to the issues in the underlying litigation.

6.     The American Club objects to the Subpoena and the document requests contained therein to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable rule, doctrine, privilege, or immunity or protection from discovery, whether based upon statute or common law. The American Club will not disclose such information or produce such documents, and any production of any documents or information protected by any privilege, rule, doctrine, or immunity (whether based upon statute or common law) is inadvertent and shall not be deemed a waiver of any such privilege, rule, doctrine, or immunity. The American Club reserves all rights to demand the return of any document and all copies thereof that are protected by a privilege, rule, doctrine, or immunity.

7.     The American Club objects to the Subpoena and the document requests contained therein to the extent that they seek documents that contain private, confidential, proprietary, financial, and/or commercial information relating to the American Club and its members.

8.     The American Club objects to the Subpoena and the document requests contained therein to the extent they are not reasonably limited in scope or time frame.

9.     The American Club objects to the Subpoena and the document requests contained therein to the extent that they purport to require the American Club to perform anything more than a reasonable and diligent search for documents where responsive documents reasonably would be expected to be found.

10.     The American Club expressly reserves the right to revise, amend, supplement, or clarify any of the objections set forth herein.

11.     Notwithstanding the objections set forth herein, the American Club will produce certain non-privileged documents in its possession in response to the Subpoena that have been located after diligent search and have been reviewed.

12.     These general objections shall be deemed to be continuing throughout the responses to specific document requests and fully incorporated by reference, even when not referred to in the specific request.

13.     Any and all documents produced by the American Club in response to the Subpoena is subject to the terms and conditions of the Stipulated Protective Order entered in this action [Dkt. 40] by Judge Michael W. Mosman on December 17, 2018, including, but not limited to, Paragraph 3 of the Stipulated Protective Order, which provides:

> The parties, <u>and third parties subpoenaed by one of the parties</u>, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the

applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so. (emphasis added)

14.    The American Club expressly reserves all rights to file a motion to quash the Subpoena and/or a motion for a protective order based upon any of the foregoing grounds or otherwise and any and all documents produced by the American Club in response to the Subpoena is without prejudice thereto.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1:**

*Any and all documents, materials, and items maintained in your file and records for the vessel the M/V ADAMASTOS.*

**Response No. 1:**

The American Club objects to Request No. 1 on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not limited to a reasonable period of time and the term "your file" is not defined by the Subpoena. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000001 – AC000136, AC008592 – AC009077, AC009311 – AC012831 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 2:**

*All billing records You issued with respect the Certificates of Entry for the M/VADAMASTOS, including but not limited to invoices for Protection & Indemnity Insurance; Freight, Demurrage & Defense Insurance; and any other policies and/or applicable riders.*

**Response No. 2:**

The American Club objects to Request No. 2 on the grounds that it is overly broad, unduly burdensome, vague, not limited to a reasonable period of time and ambiguous. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC008592 – AC009077 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 3:**

*All documents, materials, and/or records evincing payment of the annual premiums for the M/V ADAMASTOS including but not limited to documents demonstrating the originating bank account information, copies of cancelled checks, wire fund transfer details, and/or any other payment records.*

**Response No. 3:**

The American Club objects to Request No. 3 on the grounds that it is overly broad, unduly burdensome, vague, not limited to a reasonable period of time and ambiguous. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC008592 – AC009077 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 4:**

*Any and all correspondence and/or communications to, from, by and/or among The American Club, Blue Wall, Phoenix, Adamastos Shipping, and/or any other person or organization concerning and/or related to:*

A)       *The entry of the M/V ADAMASTOS;*

B)       *Payments of the annual premiums for the M/V ADAMASTOS;*

C)       *Claims submitted on behalf of the M/V ADAMASTOS;*

D)       *Denial of any claims submitted on behalf of the M/V ADAMASTOS by The American Club;*

E)       *The detention and ultimate abandonment of the M/V ADAMASTOS in Brazil during the period of July 31, 2014 to June 30, 2015.*

## Response No. 4:

The American Club objects to Request No. 4 on the grounds that it is overly broad, unduly burdensome and not limited to a reasonable period of time. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000001 – AC000136, AC008592 – AC009077, AC009311 – AC012831 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

## Request No. 5:

*The Claim File for any claim(s) submitted by Adamastos Shipping, Phoenix, Blue Wall, and/or any other person or organization for and on behalf of the M/V ADAMASTOS during the period of January l, 2013 to present.*

**Response No. 5:**

The American Club objects to Request No. 5 on the grounds that it is overly broad, unduly burdensome, not limited to a reasonable period of time and the term "Claim File" is not defined by the Subpoena. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000001 – AC000136, AC009311 – AC012831 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 6:**

*Any and all documents, materials, and items maintained in your file and records for the vessel the M/V VIGOROUS.*

**Response No. 6:**

The American Club objects to Request No. 6 on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not limited to a reasonable period of time and the term "your file" is not defined by the Subpoena. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000137 – AC009310, AC012832

and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 7:**

*All billing records You issued with respect the Certificates of Entry for the M/V VIGOROUS, including but not limited to invoices for Protection & Indemnity Insurance; Freight, Demurrage & Defense Insurance; and any other policies and/or applicable riders.*

**Response No. 7:**

The American Club objects to Request No. 7 on the grounds that it is overly broad, unduly burdensome, vague, not limited to a reasonable period of time and ambiguous. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC008592 – AC009077 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 8:**

*All documents, materials, and/or records evincing payment of the annual premiums for the M/V VIGOROUS including but not limited to documents demonstrating the originating bank account information, copies of cancelled checks, wire fund transfer details, and/or any other payment records.*

**Response No. 8:**

The American Club objects to Request No. 8 on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents that are not in the possession, custody, or control of the American Club and seeks to impose an obligation on the American Club to provide documents on behalf of an entity other than the American Club. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared

in anticipation of litigation and are otherwise privileged or are proprietary business information. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC008592 – AC009077 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 9:**

Any and all correspondence and/or communications to, from, by and/or among The American Club, Blue Wall, Phoenix, Vigorous Shipping, and/or any other person or organization concerning and/or related to:

A)      The entry of the M/V VIGOROUS;

B)      Payments of the annual premiums for the M/V VIGOROUS;

C)      Claims submitted on behalf of the M/V VIGOROUS;

D)      Denial of any claims submitted on behalf of the M/V VIGOROUS by The American Club;

**Response No. 9:**

The American Club objects to Request No. on the grounds that it is overly broad, unduly burdensome, not limited to a reasonable period of time and the term "Claim File" is not defined by the Subpoena. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000137 – AC007135,

AC007241 – AC009310, AC012832 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 10:**

*The Claim File for any claim(s) submitted by Vigorous Shipping, Phoenix, Blue Wall, and/or any other person or organization for and on behalf of the M/V VIGOROUS during the period of January 1, 2014 to present.*

**Response No. 10:**

The American Club objects to Request No. 10 on the grounds that it is overly broad, unduly burdensome, not limited to a reasonable period of time and the term "Claim File" is not defined by the Subpoena. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000137 – AC007135, AC007241 – AC009310, AC012832 and additional responsive, non-privileged documents, if any, will be produced as expeditiously as possible.

**Request No. 11:**

*Any and all documents, materials, and items which shows the board members for The American Club for the years 2014, 2015, 2016, 2017, and 2018.*

**Response No. 11:**

The American Club objects to Request No. 11 on the grounds that it is overly broad, unduly burdensome, not limited to a reasonable period of time. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in

anticipation of litigation and are otherwise privileged or are proprietary business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents, the board members of the American Club are set forth on the American Club's website at the following website addresses:

https://www.american-club.com/page/board-of-directors

https://www.american-club.com/files/files/1819.pdf

https://www.american-club.com/files/files/1718.pdf

https://www.american-club.com/files/files/1617.pdf

https://www.american-club.com/files/files/1516.pdf

https://www.american-club.com/files/files/1415.pdf

**PLEASE TAKE NOTICE** that the American Club hereby reserves the right to amend and/or supplement this Response to the Subpoena at any time.

Dated: New York, New York
       February 26, 2019

BROWN GAVALAS & FROMM LLP
Attorneys for Non-Party
AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND
INDEMNITY ASSOCIATION, INC.


s/ David H. Fromm
David H. Fromm (DF-9334)
dfromm@browngavalas.com
Peter Skoufalos (PS-0105)
pskoufalos@browngavalas.com
Michael P. Naughton (MN-6870)
mpn@browngavalas.com
555 Fifth Avenue
New York, New York 10017
Tel: (212) 983-8500
Fax: (212) 983-5946

TO:     Chalos & Co., P.C.
        55 Hamilton Avenue
        Oyster Bay, NY 11771
        Attn:   Briton P. Sparkman, Esq
                George M. Chalos, Esq.

        Blank Rome LLP
        717 Texas Avenue,| Suite 1400
        Houston, TX 77002
        Attn:   Keith B. Letourneau, Esq

BROWN GAVALAS & FROMM LLP
Attorneys for Non-Party AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC.
555 Fifth Avenue
New York, New York 10017
Tel: (212) 983-8500

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
--------------------------------------------------------X
PACIFIC GULF SHIPPING CO.,

                                3:18-cv-02076-MO

           Plaintiff,

v.

ADAMASTOS SHIPPING &
TRADING S.A., et al.

           Defendants.
--------------------------------------------------------X

**FOURTH AMENDED RESPONSE TO THE SUBPOENA DATED DECEMBER 17, 2018
TO PRODUCE DOCUMENTS, INFORMATION,
OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES
IN A CIVIL ACTION**

Non-Party, AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND

INDEMNITY ASSOCIATION, INC. (the "American Club"), pursuant to Rule 45 of the Federal

Rules of Civil Procedure, hereby responds to the Subpoena To Produce Documents, Information,

Or Objects Or To Permit Inspection Of Premises In A Civil Action dated December 17, 2018

("Subpoena"), and directed to the American Club in the above-referenced action, as follows:

**GENERAL OBJECTIONS**

1.      The American Club objects to the Subpoena and the document requests contained

therein to the extent that they purport to impose requirements beyond those set forth in the

Federal Rules of Civil Procedure ("FRCP") and any other applicable rule, statute or order.

2. The American Club objects to the Subpoena and the document requests contained therein to the extent that they seek documents that are unduly burdensome to obtain, including requests for identification of "all" documents when all relevant facts can be obtained from fewer than "all" documents.

3. The American Club objects to the requests to the Subpoena and the document requests contained therein to the extent that they are overly broad, impose extreme hardship, or would result in the expenditure of unnecessary time and resources.

4. The American Club objects to the Subpoena and the document requests contained therein to the extent that they are vague and/or ambiguous, seek information for an improper purpose and to the extent they seek information that is duplicative.

5. The American Club objects to the Subpoena and the document requests contained therein to the extent that they seek documents and information that is not relevant to the issues in the underlying litigation.

6. The American Club objects to the Subpoena and the document requests contained therein to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable rule, doctrine, privilege, or immunity or protection from discovery, whether based upon statute or common law. The American Club will not disclose such information or produce such documents, and any production of any documents or information protected by any privilege, rule, doctrine, or immunity (whether based upon statute or common law) is inadvertent and shall not be deemed a waiver of any such privilege, rule, doctrine, or immunity. The American Club reserves all rights to demand the return of any document and all copies thereof that are protected by a privilege, rule, doctrine, or immunity.

7.	The American Club objects to the Subpoena and the document requests contained therein to the extent that they seek documents that contain private, confidential, proprietary, financial, and/or commercial information relating to the American Club and its members.

8.	The American Club objects to the Subpoena and the document requests contained therein to the extent they are not reasonably limited in scope or time frame.

9.	The American Club objects to the Subpoena and the document requests contained therein to the extent that they purport to require the American Club to perform anything more than a reasonable and diligent search for documents where responsive documents reasonably would be expected to be found.

10.	The American Club expressly reserves the right to revise, amend, supplement, or clarify any of the objections set forth herein.

11.	Notwithstanding the objections set forth herein, the American Club will produce certain non-privileged documents in its possession in response to the Subpoena that have been located after diligent search and have been reviewed.

12.	These general objections shall be deemed to be continuing throughout the responses to specific document requests and fully incorporated by reference, even when not referred to in the specific request.

13.	Any and all documents produced by the American Club in response to the Subpoena is subject to the terms and conditions of the Stipulated Protective Order entered in this action [Dkt. 40] by Judge Michael W. Mosman on December 17, 2018, including, but not limited to, Paragraph 3 of the Stipulated Protective Order, which provides:

> The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the

applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.   (emphasis added)

14.     The American Club expressly reserves all rights to file a motion to quash the Subpoena and/or a motion for a protective order based upon any of the foregoing grounds or otherwise and any and all documents produced by the American Club in response to the Subpoena is without prejudice thereto.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1:**

*Any and all documents, materials, and items maintained in your file and records for the vessel the M/V ADAMASTOS.*

**Response No. 1:**

The American Club objects to Request No. 1 on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not limited to a reasonable period of time and the term "your file" is not defined by the Subpoena.  The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information.  Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000001-AC000136, AC008592-AC009077, AC009311-AC012831, AC012833-AC012835, and AC012837-AC012847.

**Request No. 2:**

*All billing records You issued with respect the Certificates of Entry for the M/V ADAMASTOS, including but not limited to invoices for Protection & Indemnity Insurance; Freight, Demurrage & Defense Insurance; and any other policies and/or applicable riders.*

**Response No. 2:**

The American Club objects to Request No. 2 on the grounds that it is overly broad, unduly burdensome, vague, not limited to a reasonable period of time and ambiguous. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC008592-AC009077.

### Request No. 3:

*All documents, materials, and/or records evincing payment of the annual premiums for the M/V ADAMASTOS including but not limited to documents demonstrating the originating bank account information, copies of cancelled checks, wire fund transfer details, and/or any other payment records.*

### Response No. 3:

The American Club objects to Request No. 3 on the grounds that it is overly broad, unduly burdensome, vague, not limited to a reasonable period of time and ambiguous. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC008592-AC009077, AC012833-AC012835, and AC012837-AC012847.

### Request No. 4:

*Any and all correspondence and/or communications to, from, by and/or among The American Club, Blue Wall, Phoenix, Adamastos Shipping, and/or any other person or organization concerning and/or related to:*

       *A)     The entry of the M/V ADAMASTOS;*

       *B)     Payments of the annual premiums for the M/V ADAMASTOS;*

       *C)     Claims submitted on behalf of the M/V ADAMASTOS;*

       *D)     Denial of any claims submitted on behalf of the M/V ADAMASTOS by The*

*American Club;*

E)      *The detention and ultimate abandonment of the M/V ADAMASTOS in Brazil during the period of July 31, 2014 to June 30, 2015.*

## Response No. 4:

The American Club objects to Request No. 4 on the grounds that it is overly broad, unduly burdensome and not limited to a reasonable period of time. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000001-AC000136, AC008592-AC009077, AC009311-AC012831, AC012834, AC012837-AC01238, and AC012845-AC012847.

## Request No. 5:

*The Claim File for any claim(s) submitted by Adamastos Shipping, Phoenix, Blue Wall, and/or any other person or organization for and on behalf of the M/V ADAMASTOS during the period of January l, 2013 to present.*

## Response No. 5:

The American Club objects to Request No. 5 on the grounds that it is overly broad, unduly burdensome, not limited to a reasonable period of time and the term "Claim File" is not defined by the Subpoena. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. Subject to and without waiving

the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000001-AC000136, and AC009311-AC012831.

**Request No. 6:**

*Any and all documents, materials, and items maintained in your file and records for the vessel the M/V VIGOROUS.*

**Response No. 6:**

The American Club objects to Request No. 6 on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not limited to a reasonable period of time and the term "your file" is not defined by the Subpoena. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000137-AC009310, AC012832, AC012836, and AC 012848-012889.

**Request No. 7:**

*All billing records You issued with respect the Certificates of Entry for the M/V VIGOROUS, including but not limited to invoices for Protection & Indemnity Insurance; Freight, Demurrage & Defense Insurance; and any other policies and/or applicable riders.*

**Response No. 7:**

The American Club objects to Request No. 7 on the grounds that it is overly broad, unduly burdensome, vague, not limited to a reasonable period of time and ambiguous. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general

objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC008592-AC009077.

**Request No. 8:**

*All documents, materials, and/or records evincing payment of the annual premiums for the M/V VIGOROUS including but not limited to documents demonstrating the originating bank account information, copies of cancelled checks, wire fund transfer details, and/or any other payment records.*

**Response No. 8:**

The American Club objects to Request No. 8 on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents that are not in the possession, custody, or control of the American Club and seeks to impose an obligation on the American Club to provide documents on behalf of an entity other than the American Club. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC008592-AC009077, AC012836, AC12852-AC012857, AC12860-AC012861, AC012877, AC012880-AC012882 and AC012885-AC012889.

**Request No. 9:**

*Any and all correspondence and/or communications to, from, by and/or among The American Club, Blue Wall, Phoenix, Vigorous Shipping, and/or any other person or organization concerning and/or related to:*

A)      *The entry of the M/V VIGOROUS;*

B)      *Payments of the annual premiums for the M/V VIGOROUS;*

C)      *Claims submitted on behalf of the M/V VIGOROUS;*

D)      *Denial of any claims submitted on behalf of the M/V VIGOROUS by The American Club;*

**Response No. 9:**

The American Club objects to Request No. on the grounds that it is overly broad, unduly burdensome, not limited to a reasonable period of time and the term "Claim File" is not defined by the Subpoena. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. The American Club also objects to this request to the extent it seeks proprietary and confidential business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000137-AC007135, AC007241-AC009310, AC012832, AC012845-AC012847 and AC012865-AC012874.

**Request No. 10:**

*The Claim File for any claim(s) submitted by Vigorous Shipping, Phoenix, Blue Wall, and/or any other person or organization for and on behalf of the M/V VIGOROUS during the period of January 1, 2014 to present.*

**Response No. 10:**

The American Club objects to Request No. 10 on the grounds that it is overly broad, unduly burdensome, not limited to a reasonable period of time and the term "Claim File" is not defined by the Subpoena. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and

are otherwise privileged or are proprietary business information.  Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents are produced herewith bearing Bates Numbers AC000137-AC007135, AC007241-AC009310, and AC012832.

**Request No. 11:**

*Any and all documents, materials, and items which shows the board members for T*he *American Club for the years 2014, 2015, 2016, 2017, and 2018.*

**Response No. 11:**

The American Club objects to Request No. 11 on the grounds that it is overly broad, unduly burdensome, not limited to a reasonable period of time. The American Club also objects to this request as it seeks communications, information and/or documents which are protected by the attorney-client privilege, the work product doctrine, and are materials prepared in anticipation of litigation and are otherwise privileged or are proprietary business information. Subject to and without waiving the foregoing specific and general objections and privileges, responsive, non-privileged documents, the board members of the American Club are set forth on the American Club's website at the following website addresses:

https://www.american-club.com/page/board-of-directors

https://www.american-club.com/files/files/1819.pdf

https://www.american-club.com/files/files/1718.pdf

https://www.american-club.com/files/files/1617.pdf

https://www.american-club.com/files/files/1516.pdf

https://www.american-club.com/files/files/1415.pdf

**PLEASE TAKE NOTICE** that the American Club hereby reserves the right to amend and/or supplement this Response to the Subpoena at any time.

Dated: New York, New York
   February 26, 2019

           BROWN GAVALAS & FROMM LLP
           Attorneys for Non-Party
           AMERICAN STEAMSHIP OWNERS
           MUTUAL PROTECTION AND
           INDEMNITY ASSOCIATION, INC.


           s/ David H. Fromm
           David H. Fromm (DF-9334)
           dfromm@browngavalas.com
           Peter Skoufalos (PS-0105)
           pskoufalos@browngavalas.com
           Michael P. Naughton (MN-6870)
           mpn@browngavalas.com
           555 Fifth Avenue
           New York, New York 10017
           Tel: (212) 983-8500
           Fax: (212) 983-5946

TO:  Chalos & Co., P.C.
   55 Hamilton Avenue
   Oyster Bay, NY 11771
   Attn: Briton P. Sparkman, Esq
       George M. Chalos, Esq.

   Blank Rome LLP
   717 Texas Avenue,| Suite 1400
   Houston, TX 77002
   Attn: Keith B. Letourneau, Esq